**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**GEORGE EDWARD ADAMS, III,
ADC #154094**                                                                                          **PLAINTIFF**

**V.**                            **CASE NO. 4:15-CV-00714 SWW/BD**

**JASON BANGS, et al.**                                                                      **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion:**

   A.      Background

Plaintiff George Edward Adams III, now an inmate in the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 lawsuit, claiming that Defendants violated his constitutional rights while he was held at the Pulaski County Regional Detention Facility

("PCRDF"). (Docket entry #2) Mr. Adams stated deliberate-indifference and failure-to-protect claims against Defendant Collins and an excessive-force claim against Defendant Bangs. (#2) Defendants have now moved for summary judgment based on Mr. Adams's failure to exhaust administrative remedies. (#35) Mr. Adams has not responded to the motion, and the time for responding has passed.

    A.    Law on Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

    B.    Mr. Adams's Grievances

In support of their motion, Defendants attach the affidavit of Nancy Brawley, the

Administrative Sergeant and Grievance Officer at PCRDF. (#36-2, pp. 1-5) A copy of the PCRDF's Inmate Grievance Procedure is attached to Ms. Brawley's affidavit. (#36-2, pp. 6-21) In order for a PCRDF inmate to complete the grievance process, he must file a written grievance with a grievance officer, then appeal the grievance officer's adverse decision to the chief of detention.[1] (#36-2, p. 2)

On October 24, 2015, Mr. Adams filed grievance 15-2385, complaining that he was supposed take his medicine with food, but that PCRDF officers were not providing him a snack with his medicine. (#36-2, p. 24, Grievance 15-2385) Ms. Brawley responded to Mr. Adams's grievance explaining that a diet restriction had been ordered to provide him an evening snack until November 10, 2015. (#36-2, p. 22) According to Ms. Brawley, Mr. Adams did not appeal her decision. (#36-2, p. 2)

On November 2, 2015, Mr. Adams filed grievance 15-2445. (#36-2, p. 27, Grievance 15-2445) In that grievance Mr. Adams explained that when he went to the hospital, he was directed to have a follow-up appointment with a "bone doctor." He complained he had not seen a doctor; he was in severe pain; and officials were not providing him pain medication every six hours, as prescribed. (#36-2, p. 27, Grievance

---

[1] According to the PCRDF Grievance Policy, an inmate who has not been able to verbally resolve a grievance may turn in a written grievance with a grievance officer or his or her designee. The inmate should receive a response from the grievance officer within 10 working days and, if not satisfied, the inmate may appeal within 10 days. The Chief of Detention should then respond to the appeal in 5 working days. (#36-2, pp. 11-12)

15-2445) Ms. Brawley responded that Mr. Adams's chart was reviewed and an appointment with a doctor at UAMS was being scheduled. Ms. Brawley also explained that only a limited amount of pain medication was ordered for Mr. Adams and that if he was still experiencing pain, he should submit a sick call request for Tylenol or ibuprofen. (#36-2, p. 25, Grievance 15-2445) According to Ms. Brawley, Mr. Adams did not appeal her decision. (#36-2, p. 2)

On November 24, 2015, Mr. Adams filed a grievance complaining that he had still not been taken to see the "bone doctor." [2] (#36-2, p. 28) According to Ms. Brawley's affidavit, she responded to the grievance, stating that this issue had already been addressed in the response to grievance 15-2445. (#36-2, p. 3)

On November 30, 2015, Mr. Adams filed a grievance requesting that he be transferred to the ADC because he was being denied access to the PCRDF law library and was not receiving the medical attention that he needed.[3] (#36-2, p. 29) This grievance was stamped: "This is a non-grievable issue. Please consult the inmate handbook." (#36-2, p. 29) According to Ms. Brawley's affidavit, she responded to the grievance and informed Mr. Adams that when he was placed on the ADC's transfer list, the PCRDF would transport him to the ADC. (#36-2, p. 3) Ms. Brawley's response is not included in the exhibits to the Defendant's motion.

---

[2] It appears that this grievance was not assigned a number. (#36-2, p. 28)

[3] It appears that this grievance was not assigned a number. (#36-2, p. 29)

On November 30, 2015, Mr. Adams filed another grievance complaining that he had not been taken to see the "bone doctor" and that he has completed four sick calls.[4] (#36-2, p. 39) According to Ms. Brawley's affidavit, she responded that Mr. Adams had written multiple grievances to the medical department and had received responses. She instructed Mr. Adams to follow the correct procedure explained to him by the medical administrator. (#36-2, p. 3) Ms. Brawley's response is not included in the exhibits to the Defendants' motion. According to Ms. Brawley's affidavit, Mr. Adams did not appeal the decision. (#36-2, p. 3)

According to Ms. Brawley's affidavit, Mr. Adams attached two grievances to his complaint that he never submitted to the PCRDF grievance officers. She did not respond to those grievance because she never received them. (#36-2, pp. 3, 36 & 39)

Mr. Adams failed to respond to the Defendants' motion for summary judgment; therefore, the Court will deem Defendants' statement of facts admitted. See Local Rule 56.1. Accordingly, based on the uncontroverted evidence, Mr. Adams failed to fully exhaust his administrative remedies regarding the claims raised in this lawsuit, and his claims must be dismissed.

## III. Conclusion:

The Court recommends that Defendants' motion for summary judgment (#35) be GRANTED. Mr. Adams's claims should be DISMISSED, without prejudice, based on

---

[4] It appears that this grievance was not assigned a number. (#36-2, p. 39)

his failure to exhaust his administrative remedies.

    IT IS SO ORDERED this 27th day of May, 2016.

                                                /s/ Beth Deere
                                   UNITED STATES MAGISTRATE JUDGE